1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAWRENCE BIRKS,

11          Plaintiff,                    No. CIV S-07-1473 LKK DAD P

12      vs.

13   ROBERT SANTOS,

14          Defendant.              ORDER
    _____/

15

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

2  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

3  (1969).

4          The Civil Rights Act under which this action was filed provides as follows:

5          Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
6          deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
7          law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15          Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of respondeat superior and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

19  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

20  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

21  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

22  Cir. 1982).

23          In the present case, plaintiff has identified as the defendant Robert Santos,

24  Manager of the Department of Bureau of Criminal Identification Information.  Plaintiff alleges

25  that defendant Santos provided the San Bernardino Deputy District Attorney Geoffrey Goss and

26  California Superior Court Judge Christopher J. Warner with an inaccurate list, detailing his

3

1    criminal history.  As a result, plaintiff alleges that he received a Three Strikes sentence of twenty-

2    five years to life in prison after a jury convicted him of two counts of second-degree burglary.

3    Plaintiff seeks $1,000 in monetary damages.  In addition, plaintiff requests an order from the

4    court requiring defendant Santos to adequately maintain an accurate list of his criminal

5    convictions.

6              The allegations in plaintiff's complaint are so vague and conclusory that the court

7    is unable to determine whether the current action is frivolous or fails to state a claim for relief.

8    The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

9    Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

10   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

11   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

12   with at least some degree of particularity overt acts which defendant engaged in that support his

13   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

14   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

15   amended complaint.

16             If plaintiff chooses to file an amended complaint, plaintiff is advised that he must

17   identify what constitutional right he believes defendant Santos violated.  In addition, plaintiff

18   must demonstrate how defendant Santos's actions resulted in a deprivation of his federal

19   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  There can

20   be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

21   between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

22   (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

23   743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

24   violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25             Plaintiff is also advised that in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994),

26   the United States Supreme Court held that a prisoner may not recover damages under § 1983 for

4

1   allegedly unconstitutional imprisonment, or for any other harm caused by actions whose

2   unlawfulness would render the imprisonment invalid, unless he can prove that the conviction or

3   other basis for confinement has been reversed on direct appeal, expunged by executive order,

4   declared invalid by a state tribunal authorized to make such a determination, or called into

5   question by a federal court's issuance of a writ of habeas corpus.  In this regard, the legality of a

6   person's confinement is implicated where "in substance his damages may only be measured by

7   that confinement."  Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997).

8          Plaintiff is informed that the court cannot refer to a prior pleading in order to

9   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

10   complaint be complete in itself without reference to any prior pleading.  This is because, as a

11   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

12   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

13   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

14   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

15          Also before the court is plaintiff's motion to appoint counsel.  The United States

16   Supreme Court has ruled that district courts lack authority to require counsel to represent

17   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

18   (1989).  In certain exceptional circumstances, the district court may request the voluntary

19   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

20   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

21          The test for exceptional circumstances requires the court to evaluate the plaintiff's

22   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

23   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

24   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

25   common to most prisoners, such as lack of legal education and limited law library access, do not

26   /////

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's October 29, 2007 application to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5.  Plaintiff's August 10, 2007 motion to appoint counsel is denied.

DATED: February 6, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
birk1473.14a

6