1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAWRENCE BIRKS,

11              Plaintiff,                    No. CIV S-07-1473 LKK DAD P

12       vs.

13   ROBERT SANTOS,

14              Defendant.                    <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed February 7, 2008, plaintiff's complaint was

18   dismissed with leave to file an amended complaint.  Plaintiff has not filed an amended complaint.

19   He has, however, filed objections to the court's order dismissing his original complaint.[1]

20              In his original complaint, plaintiff identified as the defendant Robert Santos,

21   Manager of the California Department of Bureau of Criminal Identification Information.

22   Plaintiff alleged that defendant Santos provided the San Bernardino Deputy District Attorney

23   _____

24        [1]  It appears that plaintiff is under the mistaken impression that the court has issued
     findings and recommendations in response to his original complaint.  Plaintiff is advised that no
25   findings and recommendations are currently pending.  Nevertheless, the court has considered
     plaintiff's objections and explains herein what plaintiff must do to properly proceed with this
26   action.

                                              1

1   Geoffrey Goss and California Superior Court Judge Christopher J. Warner with an inaccurate list,

2   detailing his criminal history.  As a result, plaintiff alleges that he received a Three Strikes

3   sentence of twenty-five years to life in prison after a jury convicted him of two counts of second-

4   degree burglary.  Plaintiff claimed that defendant's actions violated his rights under the federal

5   Privacy Act.

6            The allegations in plaintiff's complaint were so vague and conclusory that the

7   court was unable to determine whether the current action was frivolous or failed to state a claim

8   for relief.  The court granted plaintiff thirty days leave to file an amended complaint.  As noted

9   above, plaintiff has not filed an amended complaint, but instead has filed objections to the court's

10  order, indicating that he wishes to proceed with this action.  In his objections, plaintiff maintains

11  that he is seeking relief against defendant Santos for violation of his rights under 5 U.S.C. §

12  552a, the federal Privacy Act.

13           Plaintiff is misconstruing the Privacy Act which governs only federal agencies and

14  how they maintain federal government records pertaining to individuals.  The Privacy Act does

15  not govern state officials or state agencies such as the California Bureau of Criminal

16  Identification Information.  See 5 U.S.C. 552a (as amended).  Plaintiff has no viable cause of

17  action against defendant Santos under the Privacy Act and therefore, his complaint fails to state a

18  cognizable claim for relief.

19           On the other hand, the Civil Rights Act provides as follows:

20           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
21           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
22           law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  If plaintiff wishes to proceed against defendant Santos under § 1983, he must

24  file an amended complaint in accordance with this court's February 7, 2008 order.  Specifically,

25  if plaintiff chooses to file an amended complaint, he must identify what constitutional right he

26  believes defendant Santos violated.  In addition, plaintiff must demonstrate how defendant

1   Santos's actions resulted in a deprivation of his federal constitutional or statutory rights.  See

2   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  There can be no liability under 42 U.S.C. § 1983

3   unless there is some affirmative link or connection between a defendant's actions and the

4   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

5   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

6   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

7   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8           Plaintiff is reminded that in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the

9   United States Supreme Court held that a prisoner may not recover damages under § 1983 for

10   allegedly unconstitutional imprisonment, or for any other harm caused by actions whose

11   unlawfulness would render the imprisonment invalid, unless he can prove that the conviction or

12   other basis for confinement has been reversed on direct appeal, expunged by executive order,

13   declared invalid by a state tribunal authorized to make such a determination, or called into

14   question by a federal court's issuance of a writ of habeas corpus.  In this regard, the legality of a

15   person's confinement is implicated where "in substance his damages may only be measured by

16   that confinement."  Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997).

17           Plaintiff is also reminded that the court cannot refer to a prior pleading in order to

18   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

19   complaint be complete in itself without reference to any prior pleading.  This is because, as a

20   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

21   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

22   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

23   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24           Also before the court is plaintiff's filing styled "motion to inform the court legal

25   property/personal property taken by unit officers Williams and Rice for transfer to Folsoms SAC-

26   EOP."  Therein, plaintiff appears to claim that correctional officers have not released his personal

1   and legal property upon his transfer to Folsom Prison.  He also appears to claim that correctional

2   officers have ignored his plea to be transferred to California Medical Facility.  He seeks judicial

3   intervention to address these issues.  The court has construed plaintiff's request as a motion for

4   preliminary injunctive relief.

5            Plaintiff seeks injunctive relief against individuals who are not named as

6   defendants in this action.  This court is unable to issue an order against individuals who are not

7   parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.

8   100, 112 (1969).  Moreover, it is well-established that inmates do not have a constitutional right

9   to be incarcerated at a particular correctional facility or in a particular cell or unit within a

10  facility.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  As the Ninth Circuit has

11  explained:

12            An inmate's liberty interests are sufficiently extinguished by his
              conviction so that the state may change his place of confinement
13            even though the degree of confinement may be different and prison
              life may be more disagreeable in one institution than in another.
14            Unless there is some guarantee that transfer will not be effected
              except for misbehavior or some other specified reason, due process
15            protections cannot apply.

16  Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).  Accordingly, plaintiff's motion will be

17  denied.

18            In accordance with the above, IT IS HEREBY ORDERED that:

19            1.  Plaintiff is granted thirty days from the date of service of this order to file an

20  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

21  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

22  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

23  amended complaint in accordance with this order will result in a recommendation that this action

24  be dismissed without prejudice;

25            2.  Plaintiff's March 19, 2008 motion for preliminary injunctive relief regarding

26  his personal property and his place of confinement is denied; and

4

1          3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

2   civil rights action.

3   DATED: June 12, 2008.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:9
    birk1473.36amd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26