IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE BIRKS,

    Plaintiff,                    No. CIV S-07-1473 LKK DAD P

    vs.

ROBERT SANTOS,

    Defendant.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.

        In his complaint, plaintiff named Robert Santos, Manager of the California Bureau of Criminal Identification Information, as the sole defendant.  Plaintiff alleged that defendant Santos provided San Bernardino Deputy District Attorney Geoffrey Goss and California Superior Court Judge Christopher J. Warner with an inaccurate report, detailing his criminal history.  As a result, plaintiff alleged that he received a Three Strikes sentence of twenty-five years to life in prison after a jury convicted him of two counts of second-degree burglary.  Plaintiff claimed that the defendant's actions violated his rights under the federal Privacy Act and requested an order requiring defendant Santos to maintain an accurate report of his criminal history.

/////

1    On February 7, 2008, the court dismissed plaintiff's complaint for failure to state a
2 cognizable claim and granted plaintiff thirty days leave to file an amended complaint.  Rather
3 than filing an amended complaint in accordance with the court's order, plaintiff filed objections
4 to the order, maintaining that he wished to seek relief against defendant Santos for violation of
5 his rights under 5 U.S.C. § 552a, the federal Privacy Act.  On June 12, 2008, the court advised
6 plaintiff that he was misconstruing the Privacy Act which governs only federal agencies and how
7 they maintain federal government records pertaining to individuals.  The court informed plaintiff
8 that the Privacy Act does not govern state officials or state agencies such as the California
9 Bureau of Criminal Identification Information.  See 5 U.S.C. 552a (as amended).  The court also
10 advised plaintiff that he had no viable cause of action against defendant Santos under the Privacy
11 Act and granted plaintiff an additional thirty days leave to file an amended complaint.

12    Plaintiff still has not filed an amended complaint.  Rather, he has filed a request to
13 relate and transfer this case to the United States District Court for the Northern District of
14 California, where he filed an identical case.  See Civil Case No. 4:07-5647 SBA (N.D. Cal.).
15 Plaintiff is advised that the Northern District recently closed his case because it was duplicative
16 of the instant case.  See Case No. 4:07-5647 SBA (N.D. Cal.), Order Filed Sept. 30, 2008).
17 Accordingly, if plaintiff wishes to proceed against defendant Santos, he may do so only in this
18 pending action.  To the extent that plaintiff wishes to raise additional allegations, he will be
19 provided an opportunity to do so if he chooses to file an amended complaint.

20    Plaintiff has also filed a motion for preliminary injunctive relief.  Therein, he sets
21 forth a series of confusing and seemingly unrelated allegations.  For example, plaintiff claims
22 that officers are "spreading slander" against him.  In addition, he alleges that the librarian at CSP-
23 Sacramento is conspiring with prison officials to deny him adequate access to the law library.
24 Plaintiff also alleges that mental health officials are potentially exposing him to diseases in the
25 way that they are serving him his meals.  Finally, plaintiff alleges that his doctor has switched his
26 "psych meds" to an unknown medication, causing temporary burning in his stomach.

Plaintiff's motion for injunctive relief is defective, premature, and lacks the requisite specificity for the court to grant relief. First, plaintiff's motion is defective because it does not comply with the Local Rules of Court. Plaintiff is advised that the court will not entertain any future request or motion for injunctive relief that is not supported by (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 65-231.

In addition, plaintiff's motion is premature. Plaintiff has not yet filed an amended complaint in this action. Moreover, no defendant has been served at this time and thus no defendant has been provided an opportunity to respond to plaintiff's allegations. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). As the court previously advised plaintiff, he may only seek injunctive relief against individuals who are named as defendants in this action. This court may not issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). In plaintiff's motion, he appears to complain about the actions of several correctional officers, the law librarian, and mental health professionals at CSP-Sacramento. However, none of these individuals have been named as defendants in plaintiff's previously filed complaint nor have they been served in this action.

Finally, plaintiff's motion contains a series of vague and conclusory allegations too difficult to decipher. Plaintiff is advised that in cases brought by prisoners involving conditions of confinement, a preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Here, it is not clear

/////

from plaintiff's motion what relief he seeks or from whom he seeks it. Accordingly, plaintiff's motion for preliminary injunctive relief will be denied without prejudice.

Plaintiff is advised again that in order to proceed with this action he must file an amended complaint. In the interests of justice, the court will grant plaintiff an additional thirty days leave to file an amended complaint that complies with this court's previous orders as well as the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Court. Plaintiff's failure to file an amended complaint will result in a recommendation for dismissal of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 7, 2008 request to relate and transfer his case (Doc. No. 20) is denied;

2. Plaintiff's July 9, 2008 motion for a preliminary injunction (Doc. No. 21) is denied without prejudice; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with this court's previous orders as well as the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Court; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 19, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
birk1473.36amd(2)