IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE BIRKS,

    Plaintiff,                    No. CIV S-07-1473 LKK DAD P

    vs.

ROBERT SANTOS,

    Defendant.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has two requests pending before the court.

**PLAINTIFF'S REQUEST TO STAY THIS ACTION**

        On June 23, 2010, the court vacated its April 22, 2010 findings and recommendations which recommended dismissal of this action without prejudice and granted plaintiff leave to file an amended complaint which met the requirements set forth in the court's February 7, 2008 screening order. In response, on July 15, 2010, plaintiff filed a motion requesting that the court stay this action. Therein, plaintiff maintains that he is unable to file an amended complaint because he has been confined in administrative segregation pending his transfer to another institution and he therefore does not have access to his legal property or to the

1

prison law library.  Plaintiff requests that the court stay the case "until Plaintiff is allow[ed] to diligently prosecute his case in good faith."

In this case, an indefinite stay of this action would not promote economy of time, effort, or resources for the court or for any of the litigants.  See Landis v. North America Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  Plaintiff does not require access to the prison law library to draft his amended complaint.  Moreover, as the initiator of the present suit, plaintiff is responsible for diligently prosecuting it.  Accordingly, the court will deny plaintiff's request to stay this action.  The court will, however, grant plaintiff a final sixty days, from the date of this order, to file an amended complaint that complies with the court's previous orders.  Plaintiff is firmly cautioned that no further extensions of time will be granted for this purpose.

### PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL

Plaintiff has also requested the appointment of counsel.  In this regard, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, however, the district court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances that are common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances and

will therefore deny plaintiff's request for the appointment of counsel.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 15, 2010 request to stay this action, along with his request for the appointment of counsel, (Doc. No. 39) is denied; and

2. Plaintiff shall file, within sixty days of the date of this order, an amended complaint that complies with the court's previous orders. Plaintiff is cautioned that his failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

DATED: July 20, 2010.

*[signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
birk1473.stay+31

3